IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMIEL ASGHEDOM, individually and as administrator for THE ESTATE OF ERMIAS ASGHEDOM p/k/a "NIPSEY HUSSLE",<br><br>Plaintiff,<br><br>v.<br><br>ZENGZIXUAN3011 AND THE INDIVIDUALS AND ENTITIES OPERATING ZENGZIXUAN3011,<br><br>Defendants. | Case No. 23-cv-00964<br><br>**Judge Sharon Johnson Coleman**<br><br>**Magistrate Judge Susan E. Cox** |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff Samiel Asghedom, individually and as administrator for the Estate of Ermias Asghedom p/k/a "Nipsey Hussle" ("Nipsey Hussle" or "Plaintiff") against the fully interactive, e-commerce store[1] operating under the seller alias identified in Schedule A attached hereto (the "Seller Alias"), and Plaintiff having moved for entry of Default and Default Judgment against zengzixuan3011 and the individuals and entities operating zengzixuan3011 (the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Amended Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the Seller Alias, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of the NIPSEY HUSSLE Trademarks to residents of Illinois. The NIPSEY HUSSLE Trademarks are included in the below chart.

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 4,917,142 | THE MARATHON (CLOTHING) | For: Shirts; t-shirts; sweaters; beanies; hats; sweatsuits; varsity jackets; pants; socks in class 025. |
| 4,588,483 | *Crenshaw* | For: Shirts; t-shirts; sweaters; beanies; hats; shorts; pants in class 025. |
| 6,211,634 | SOUTH CENTRAL STATE OF MIND | For: Hats; hoodies; jackets; shirts and short-sleeved shirts; sweatshirts; athletic shirts; baseball caps and hats; gift packages sold as a unit consisting primarily of a sweatshirt and also including a photo frame, a coffee mug, and a tote bag; sports shirts; sweat |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| | | jackets; tee-shirts in class 025. |
| 4,494,798 | NIPSEY HUSSLE | For: Audio and video recordings featuring music and artistic performances; Downloadable musical sound recordings; Musical sound recordings in class 009.<br><br>For: Entertainment services in the nature of live musical performances in class 041. |
| 4,912,192 | (logo) | For: Pre-recorded audio tapes, discs and cassettes, video tapes, digital audio and audio video tapes and discs, CDs, and phonograph records featuring music and entertainment in the nature of music videos; musical sound and video recordings; sound and video recordings featuring recorded theatrical productions; downloadable videos featuring music and entertainment in the nature of music videos; downloadable ring tones, music, mp3s featuring music, graphics, and photographs for wireless communication devices in class 009.<br><br>For: Production of music; distribution of musical sound recordings; fan clubs; audio recording production; record production; videotape production; entertainment services, namely, providing a web site featuring musical performances, musical videos, related film clips, photographs, and other multimedia musical |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| | | entertainment materials; entertainment services, namely, providing on-line reviews of music, musical artists and music videos; entertainment services, namely, providing prerecorded music, information in the field of music, and commentary and articles about music, all on-line via a global computer network in class 041. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

    a. using the NIPSEY HUSSLE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Nipsey Hussle product or not authorized by Plaintiff to be sold in connection with the NIPSEY HUSSLE Trademarks;

      b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Nipsey Hussle product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the NIPSEY HUSSLE Trademarks;

      c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

      d. further infringing the NIPSEY HUSSLE Trademarks and damaging Plaintiff's goodwill; and

      e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NIPSEY HUSSLE Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Online Marketplace, including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Walmart, Inc. ("Walmart"), Etsy, Inc. ("Etsy"), and DHgate (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the NIPSEY HUSSLE Trademarks.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of counterfeit versions of the NIPSEY HUSSLE Trademarks in connection with the sale of products through at least Defaulting Defendants' Online Marketplace.

4. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish.com, Walmart, Etsy, DHgate, and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, Walmart, Esty, and DHgate shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Alias or Online Marketplace from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.

6. All monies (up to the above identified statutory damages award) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, Walmart, Etsy, and DHgate, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, Walmart, Etsy, and DHgate, are ordered

to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, Walmart, Etsy, and DHgate in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Walmart, Etsy, DHgate and Amazon Pay, shall within seven (7) calendar days:

   a. locate all accounts and funds connected to Defaulting Defendants' Seller Alias and Online Marketplace, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Emily Holt, and any e-mail addresses provided for Defaulting Defendants by third parties;

   b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. release all monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses

      identified in Exhibit 2 to the Declaration of Emily Holt and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel..

This is a Final Judgment against Defaulting Defendants.

DATED: May 18, 2023

_____
Sharon Johnson Coleman
United States District Judge

**SAMIEL ASGHEDOM, individually and as administrator for THE ESTATE OF ERMIAS ASGHEDOM p/k/a "NIPSEY HUSSLE" v. Zengzixuan3011 and the Individuals and Entities Operating Zengzixuan3011, - Case No. 23-cv-00964**

# Schedule A

| | Defendant Online Marketplaces | |
|---|---|---|
| No | URL | Name / Seller Alias |
| 1 | wish.com/merchant/5fc49cd984b7f518580d2a9b | zengzixuan3011 |